RALPH B. GUY, JR., Circuit Judge.
Plaintiff Kelly Mendenhall appeals from the entry of judgment against her, arguing (1) that the district court erred in rejecting her federal due process challenge to the city ordinance authorizing civil penalties for speeding violations captured by automated cameras; and (2) that the district court erred in denying her motion for remand to state court on the grounds that the removal was improper. We affirm.[1]
Plaintiff received a civil citation under Akron City Code § 79.01, as the owner of a car that was recorded speeding in a school zone. Plaintiff, represented by her attorney-husband, exercised her right to have an administrative hearing, and succeeded in having the citation dismissed on the grounds that the speed-limit sign had been vandalized or was missing at the time that her car was photographed. No civil penalty was assessed.
The complaint, filed in December 2005, sought declaratory and injunctive relief invalidating the ordinance in its entirety as violative of both the federal and state constitutions. Defendants removed the action to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and plaintiff moved for remand on the grounds that declaratory judgment was a state law claim. As the district court observed, plaintiffs complaint alleged, inter alia, that the ordinance violated Due Process and Fifth Amendment rights guaranteed by the United States Constitution. Whether a claim arises under federal law is determined by examining the “well pleaded” allegations of the complaint and ignoring potential defenses. Beneficial Nat’l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Moreover, under the substantial-federal-question doctrine, there is jurisdiction where “the vindication of a right under state law necessarily turn[s] on some construction of federal law.” Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). We find that the district court did not err in denying the motion for remand.[2]
With respect to the merits, there is no quarrel concerning the facts, as the parties entered into extensive stipulations and the due process claim at issue was resolved on the basis of competing motions for judgment on the record. As for the law, there is also no dispute that the district court accurately set forth the two-part test for determining whether the enforcement scheme is civil or criminal, see Smith v. John Doe, 538 U.S. 84, 92, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), including the seven factors to be considered under the second step to determine whether, notwithstanding the express intention to impose a nonpunitive civil scheme, the effects are so punitive as to negate that legislative intent, see Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69, 83 *600 S.Ct. 554, 9 L.Ed.2d 644 (1963). Notwithstanding plaintiffs reiteration of the arguments made in the district court, we find that the district court properly applied the law and ably articulated the reasons supporting the conclusion that this enforcement scheme is civil in nature. Accord Kilper v. City of Arnold, No. 08-cv-0267-TCM, 2009 WL 2208404 (E.D.Mo. Jul.23, 2009).
Finally, plaintiff argues that even so, the ordinance did not provide constitutionally adequate due process when the competing interests of the government and the individual are balanced. See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). As the district court found, the ordinance provides for notice of the citation, an opportunity for a hearing, provision for a record of the hearing decision, and the right to appeal an adverse decision. We agree with the district court that the ordinance and its implementation, as detailed in the stipulations, satisfy due process, and reject plaintiffs assertion that it violates due process to impose civil penalties for speeding violations irrespective of whether the owner was, in fact, driving the vehicle when the violation was recorded. See, e.g., Idris v. City of Chicago, No. 06-C-6085, 2008 WL 182248 (N.D.Ill. Jan.16, 2008), aff'd, 552 F.3d 564, 566-68 (7th Cir.2009); City of Knoxville v. Brown, 284 S.W.3d 330, 338-39 (Tenn.Ct.App.2008); Gardner v. City of Columbus, 841 F.2d 1272, 1280 (6th Cir.1988) (civil penalties for parking violations).
Accordingly, agreeing with the district court’s well-reasoned opinion and finding that the issuance of a detailed written opinion would be duplicative and serve no useful purpose, we AFFIRM the entry of judgment in favor of defendants for the reasons set forth in the district court’s opinion entered on December 19, 2008. Mendenhall v. City of Akron, No. 06-cv-139, 2008 WL 7484179 (N.D.Ohio Dec. 9, 2008) (unpublished).[3]

. Plaintiff voluntarily dismissed with prejudice the individual defendants, all Akron City Council Members sued in their official capacities, leaving the City of Akron, Ohio, and Nestor Traffic Systems, Inc., as defendants. This court granted the motion of American Traffic Solutions, Inc., to intervene as a substitute party for Nestor Traffic Systems with respect to certain claims subject to an Asset Purchase Agreement.

. The plaintiff's home-rule challenge under the Ohio Constitution was rejected by the Ohio Supreme Court, after the question was certified for decision by the district court. Mendenhall v. City of Akron, 117 Ohio St.3d 33, 881 N.E.2d 255 (2008).

. Janice Sipes and two other plaintiffs brought a similar action that proceeded together with this case and was resolved in the same order, but no appeal was taken from the judgment entered against them. (No. 06-cv-154).